IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ANDREW L. LICHTENBERG, | ) | CIVIL NO. 10-00353 SOM/BMK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION TO RECUSE |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFF'S MOTION TO RECUSE

I.      INTRODUCTION.

      Pursuant to 28 U.S.C. § 455(a) and (b)(1), Plaintiff Andrew L. Lichtenberg seeks to recuse this judge from presiding over this case.  Lichtenberg argues that recusal is appropriate because this judge presided over the criminal trial in which a jury found him guilty.  See United States v. Lichtenberg, Cr. No. 05-00496 SOM.  Lichtenberg posits that this judge has "strong, negative opinions" about him.  This court denies the motion to recuse.

      Judges must disqualify themselves in any proceeding in which their impartiality might reasonably be questioned, when they have a personal bias or prejudice concerning a party, or when they have personal knowledge of disputed evidentiary facts concerning the proceeding.  28 U.S.C. § 455; see also United States v. Holland, 519 F.3d 909, 912 (9th Cir. 2008); Hamid v. Price Waterhouse, 51 F.3d 1411, 1416 (9th Cir. 1995) ("The test

for recusal in this circuit is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." (quotation and citation omitted)).  When a motion to recuse is sought based on § 455, "the motion is addressed to, and must be decided by, the very judge whose impartiality is being questioned."  In re Bernard, 31 F.3d 842, 843 (9th Cir. 1994).

A motion to recuse is "necessarily fact-driven," and involves both an objective and subjective analysis.  Holland, 519 F.3d at 914.  First, this judge examines whether "a reasonable third-party observer would perceive that there is a 'significant risk' that the judge will be influenced . . . on a basis other than the merits."  Id.  Second, the judge examines his or her subjective feelings and must recuse when the judge feels that he or she cannot preside over the case without bias.  Id. at 915.  Here, neither the objective or subjective analysis requires recusal.

Lichtenberg's motion for recusal does not identify any particular basis for asserting that this judge is biased against him.  Lichtenberg was previously convicted by a jury.  The case involved an indictment accusing Lichtenberg, a former attorney, of having fraudulently taken money belonging to one of his clients.  Whatever Lichtenberg believes about this judge's rulings in that case, the bases for Lichtenberg's belief are not

clear from his motion.  In any event, the present case has nothing to do with the facts of the earlier criminal case.  This case involves allegations by Lichtenberg that he has been suffering from cruel and unusual punishment while incarcerated.  No reasonable third-party observer would believe that there is a significant risk that any judge in a case such as this one would be influenced by events surrounding a prior criminal trial--the objective prong.  See Liteky v. United States, 510 U.S. 540, 554-55 (1994) (recognizing that judicial rulings, by themselves, almost never constitute a valid basis for a bias or partiality motion and that extrajudicial sources are usually necessary).

      Nor is this judge actually biased against Lichtenberg based on his earlier criminal trial--the subjective prong.  Litigants often seek disqualification based on a judge's prior participation, in a judicial capacity, in some related litigation.  As the Supreme Court noted, these assertions are meritless in most instances.  See Liteky, 510 U.S. at 561.  When a subsequent case is assigned to the same judge it does not provide a basis for recusing the judge from subsequent litigation.  See id.

Accordingly, Lichtenberg's motion to recuse this judge is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 13, 2010.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Lichtenberg v. United States of America; Civil No. 10-00353 SOM-BMK; ORDER DENYING PLAINTIFF'S MOTION TO RECUSE