IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ANDREW L. LICHTENBERG, | ) | CIV. NO. 10-00353 SOM-BMK |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | WITH LEAVE TO AMEND; ORDER |
| vs. | ) | DENYING MOTION TO DISMISS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**ORDER DISMISSING COMPLAINT WITH LEAVE TO
AMEND; ORDER DENYING MOTION TO DISMISS**

Before the court are damage claims asserted by Andrew Lichtenberg pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1983, the Eighth Amendment to the United States Constitution, and 28 U.S.C. §§ 4671 to 80.[1]  Lichtenberg is a prisoner incarcerated at the Federal Correctional Institution in Sheridan, Oregon ("FCI-Sheridan") who is proceeding *pro se.*  Because Lichtenberg fails to state a claim on which relief can be granted, the Complaint is DISMISSED with leave granted to amend pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

Also, before the court is Defendant United States of America's Motion to Dismiss ("Motion"), filed July 20, 2010.  The United States moves for dismissal of this action as time-barred

---

[1] The court notes that there are no federal statutes numbered as "28 U.S.C. §§ 4671-80" and that Lichtenberg likely meant to cite 28 U.S.C. §§ 2671 to 2680, also referred to as the Federal Tort Claims Act ("FTCA").

by the statute of limitation. Lichtenberg filed his opposition to the Motion on September 30, 2010, and the United States filed its reply on November 16, 2010. A hearing on the Motion was held on December 7, 2010. For the following reasons the Motion is DENIED.

## I. BACKGROUND

Lichtenberg is a convicted federal felon currently serving his sentence at FCI-Sheridan. He practiced law in Hawaii before his conviction. He alleges that, while he was incarcerated at the Federal Detention Center in Honolulu, Hawaii ("FDC-Honolulu"), between October 29, 2005, and January 11, 2008, he received "no sunshine upon his body, or fresh air", contrary to the Federal Bureau of Prison's policy and regulations concerning outdoor exercise. (Compl. ¶¶ 8-9.) Lichtenberg says that the room he was allowed to use for his outdoor recreation received only ambient air through screens, and that the air contained airplane fumes and hydrocarbons. (*Id.* ¶ 10.)

Lichtenberg says that, when he arrived at FDC-Honolulu, all of his medications for his asthmatic, skin, and other medical conditions were taken from him. (*Id.* ¶ 12.) He alleges that the only medication provided in return was a type of inhaler he had used 25 years ago, which was no longer effective in treating his asthmatic condition. (*Id.* ¶ 13.) Lichtenberg says that his

breathing and skin conditions persisted during the entire time he was at FDC-Honolulu.  (*Id.* ¶ 14.)

Lichtenberg alleges that, approximately 20 months after arriving at FDC-Honolulu (in or about June 2007), "he began to notice large lumps on his upper jaw, neck and groin."  (*Id.* ¶ 16.)  He says that he received no medical attention for his condition over the remaining seven months he was incarcerated at FDC-Honolulu.  (*Id.* ¶ 17.)  He requested a biopsy of the lumps but says that he never received one because he was transferred to FCI-Sheridan a week later.  (*Id.* ¶¶ 17-18.)

After arriving at FCI-Sheridan, Lichtenberg allegedly continued to ask for a biopsy.[2]  (*Id.* ¶ 20.)  He alleges that he finally did receive a biopsy, which led to a non-Hodgkins lymphoma diagnosis on May 8, 2008.  (*Id.*)  He claims that his cancer is incurable and that he has already endured three rounds of chemotherapy, with two more rounds to follow.  (*Id.* ¶¶ 21, 23.)

On February 15, 2010, Lichtenberg filed a Notice of Tort Claim with the Federal Bureau of Prisons ("BOP") pursuant to 28 U.S.C. § 2671.  (Compl., Attach. A.)  He claimed that the BOP had acted with deliberate indifference to his medical condition by not providing him with "fresh air, sunlight, proper

---

[2] Lichtenberg also alleges that, while in transit to FCI-Sheridan, another inmate punched him and broke one of his ribs.  (Compl. ¶ 19.)

medications and decent food," which resulted in his illness. (*Id.*)  He also claimed that the lack of sunlight led to a depletion of Vitamin D in his body, which he says "plays a major role in preventing cancer."  (*Id.*)

On March 23, 2010, the Regional Counsel for the BOP determined that Lichtenberg's Notice of Tort Claim was untimely as it was submitted after the running of the two-year statute of limitation.  (Compl., Attach. B.)  Lichtenberg was notified that he could bring suit in the appropriate United States District Court within six months if he was dissatisfied with the determination.  (*Id.*)

On April 26, 2010, Lichtenberg filed this action against the United States in the United States District Court of the District of Oregon.  He alleges: (1) that the BOP's deliberate indifference to the conditions at FDC-Honolulu, including the lack of sunshine and fresh air, "hydrocarbon laden recirculated air, low grade starchy food, lack of proper medications, and overall poor medical care," caused his cancer, and (2) that the BOP's negligence caused his cancer. (Compl. ¶¶ 24-27.)  On June 8, 2010, the Oregon district court transferred this case to this court.[3]

---

[3] In Oregon, Lichtenberg appealed the Magistrate Judge's order transferring his case to this court.  District Judge Garr M. King affirmed the Magistrate Judge's order on October 25, 2010.

## II.  DISCUSSION

**A.  Statutory Screening**

The court is required to screen all complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if a plaintiff raises claims that are legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)-(2), § 1915(e)(2).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a

constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 1951.

Although *pro se* pleadings are liberally construed, *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.* If a pleading can be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

    **1.** ***Bivens* claim against the United States**

Lichtenberg appears to assert an Eighth Amendment claim against the United States on the basis that his cancer was caused by prison conditions that existed during his incarceration at FDC-Honolulu. "To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded*

*on other grounds*, 129 S.Ct. 2431 (2009).  *Accord West v. Atkins*, 487 U.S. 42, 48 (1988).  *Bivens* actions are identical to actions brought pursuant to 42 U.S.C. § 1983 "save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*."  *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

A *Bivens* action can only be brought against an individual federal official in his or her individual capacity.  *Morgan v. U.S.*, 323 F.3d 776, 780 n.3 (9th Cir. 2003) (citing *Vacarro v. Dobre*, 81 F.3d 854, 857 (9th Cir. 1996)).  A *Bivens* action may not be brought against the United States or its agencies.  *Cato v. U.S.* 70 F.3d 1103, 1110 (9th Cir. 1995); *Holloman v. Watt*, 708 F.2d 1399, 1401-02 (9th Cir. 1984), *cert. denied*, 106 S.Ct. 1183 (1985).  As Lichtenberg's *Bivens* claim is solely against the United States, this court lacks jurisdiction over that claim.  *See id.*  Accordingly, his constitutional claims against the United States must be DISMISSED with prejudice.

    **2.**    **Negligence claim against the United States**

Lichtenberg also asserts a claim under the FTCA against the United States for permitting the existence of negligent prison conditions that allegedly caused his cancer.  The primary thrust of his claim is the contention that (1) he "received absolutely no sunshine on his body" while incarcerated for 27 months at FDC-Honolulu, (2) "his body was completely depleted of Vitamin D which is formed in the body almost exclusively from

sunlight," and (3) "Vitamin D plays a major role in preventing cancer."  (Compl. ¶¶ 9, 21, Attach. A.)

These allegations, however, do not satisfy *Iqbal*.  In particular, Lichtenberg fails to allege sufficient factual matter that would make his claim that the United States negligently caused his cancer plausible on its face.  For example, even assuming Lichtenberg received no sunshine on his body while incarcerated at FDC-Honolulu, the court cannot draw the reasonable inference that his body would have been completely depleted of Vitamin D or that, even if the depletion occurred as alleged, a sufficient level of Vitamin D in his body would have prevented his non-Hodgkins lymphoma.  In other words, based on judicial experience and common sense there are "more likely explanations" for Lichtenberg's cancer than the alleged lack of Vitamin D in his body.  *See Iqbal*, 129 S. Ct. at 1951.  Accordingly, the Complaint is DISMISSED with leave to amend.

**3.    28 U.S.C. § 1915(g)**

Lichtenberg is notified that, pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

granted, unless the prisoner is under imminent danger of serious physical injury."  If Lichtenberg is unable to amend the Complaint to cure the deficiencies enumerated in this Order, this dismissal shall constitute a strike under 28 U.S.C. § 1915(g).

**B.    Motion To Dismiss**

The United States seeks dismissal of this action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  The Motion argues that the negligence claims brought pursuant to the FTCA are barred by the applicable two-year statute of limitation.[4]  The United States asserts that Lichtenberg knew or should have known about the seriousness of his alleged injury when he discovered the lumps in his jaw, groin, and neck in June of 2007.  Lichtenberg did not file his administrative claim with the BOP until February 15, 2010, more than two years and eight months later.  Thus, the United States contends that Lichtenberg's claims are untimely.

---

[4] The Motion also addresses two other matters related to Lichtenberg's request for a biopsy and his subsequent transfer to FCI-Sheridan, and an alleged assault on Lichtenberg by another inmate while in transit to FCI-Sheridan.  Counts 1 and 2 of the Complaint, however, solely concern Lichtenberg's claim that various prison conditions caused his cancer.  The court therefore does not address those additional allegations in this order.  To the extent Lichtenberg seeks to raise those claims in this action, he may do so in any amended complaint permitted by this order, insofar as those claims allege sufficient facts against properly named defendants and otherwise comply with Rules 18 and 20 of the Federal Rules of Civil Procedure.

In opposition to the Motion, Lichtenberg clarifies that he is not alleging that the BOP failed to diagnose his cancerous condition but that his cancer was caused by the inadequate prison conditions that existed during his incarceration at FDC-Honolulu. Lichtenberg argues that the statute of limitation began to run when he received his non-Hodgkins lymphoma diagnosis on May 8, 2008, not when he discovered the lumps on his jaw, groin, and neck in June 2007. Lichtenberg contends that, as he did not understand the nature or cause of the cancer until he received the cancer diagnosis, his FTCA notice to the BOP on February 15, 2010, was made within the two-year statute of limitation.

### 1. Standard of review

The Motion to Dismiss is brought under Rule 12(b)(1) or, alternatively, Rule 12(b)(6).

A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the court. *See, e.g., Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039-40 (9th Cir. 2003); *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A plaintiff bears the burden of establishing the propriety of the court's jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. *Allarcom Pay Television, Ltd. v. Gen. Instrument Corp.*, 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Specific facts are unnecessary; the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). All allegations of material fact are taken as true. *Erickson*, 551 U.S. at 94. However, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations and quotations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* The court reviews this Motion to Dismiss under the Rule 12(b)(6) standard.

This motion is properly viewed as falling under Rule 12(b)(6), not Rule 12(b)(1). Whether a statute of limitation has been exceeded goes to compliance with statutory requirements (sometimes referred to as "statutory jurisdiction"), not to subject matter jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 510 (2006) (recognizing that "time prescriptions, however emphatic, are not properly typed jurisdictional.") (internal quotation marks and citations omitted). This court has subject matter jurisdiction over cases or controversies involving either federal questions or diversity of citizenship. As the timeliness of claims does not affect subject matter jurisdiction, Rule 12(b)(1) is inapplicable.

### 2.   Statute of Limitation

Under the FTCA, claimants are required to submit their administrative claims within two years after the claims accrued. 28 U.S.C. § 2401(b).[5] A negligence claim brought under the FTCA accrues when the plaintiff discovers, or should have discovered with reasonable diligence, the existence of her injury and its cause. *See United States v. Kubrick*, 444 U.S. 111, 119-22 (1979); *Hensley v. United States*, 531 F.3d 1052, 1056 (9th Cir. 2008). If a plaintiff fails to comply with the requirements of

---

[5] The FTCA states, in pertinent part: "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ."  28 U.S.C. § 2401(b).

§ 2401(b), the district court lacks jurisdiction over the FTCA action.  *See Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).

The United States contends that Lichtenberg's FTCA claim accrued upon his discovery of the lumps on his neck, groin, and jaw in June 2007.  Citing the Ninth Circuit's decision in *Augustine*, the United States argues that a medical malpractice claim for failure to diagnose or treat a medical problem accrues when that problem develops into a more serious problem.[6]  The United States argues that Lichtenberg knew the seriousness of his injury in June 2007, given his current allegations that a biopsy at that time would have diagnosed his cancer.

The United States' reliance on *Augustine* is misplaced.  In *Augustine*, a bump on the plaintiff's palate was found in 1975.  *Id.* at 1076.  The malignancy of the bump was not discovered until 1977, by which time the cancer had spread.  In 1978, the plaintiff filed a claim under the FTCA.  The United States argued that the claim was time-barred because it came more than two years after the plaintiff knew he had a bump on his palate in 1975.  *Id.* at 1077.  The Ninth Circuit rejected that argument,

---

[6] *Augustine* states that "[w]here a claim of medical malpractice is based on the failure to diagnose or treat a pre-existing condition, . . . the injury is the development of the problem into a more serious condition which poses greater danger to the patient or which requires more extensive treatment."  704 F.2d at 1078.

ruling that the injury was not the bump on his palate but the development of the bump into incurable cancer, and that the plaintiff did not know of this injury until 1977.

If anything, *Augustine* suggests that Lichtenberg's FTCA claim is not barred by the statute of limitation.[7]  As in *Augustine*, when Lichtenberg discovered the lumps on his body there was no medical diagnosis that they were cancerous.  In fact, although he suspected that the lumps could be cancerous, he alleges that his requests for a biopsy while incarcerated at FDC-Honolulu went unheeded.  It was not until he arrived at FDC-Sheridan that his biopsy request was granted, leading to the non-Hodgkins lymphoma diagnosis in May 2008.  As in *Augustine*, it was at that time that Lichtenberg could be said to have discovered his alleged injury.

Therefore, for purposes of the FTCA statute of limitation, Lichtenberg's negligence claim accrued when he received his non-Hodgkins lymphoma diagnosis in May 2008.  It is at that time, and not when he discovered the lumps on his body in June 2007, that he knew or should have known of his injury.  Moreover, according to the allegations in the Complaint, Lichtenberg exercised reasonable diligence in discovering his

---

[7] This action does not technically concern a medical malpractice claim for failure to diagnose or treat as in *Augustine*.  However, it is in many ways similar to such an action and the court finds *Augustine* instructive for purposes of the statute of limitation question.

injury by requesting a biopsy soon after discovering the lumps on his body.  Accordingly, the United States Motion to Dismiss is DENIED.

### III.  CONCLUSION

IT IS HEREBY ORDERED that:

1. The Complaint is DISMISSED for lack of jurisdiction over the *Bivens* claim against the United States and for failure to state a negligence claim.  *See* 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1).

2. Lichtenberg may file an amended complaint by January 5, 2011.  The amended complaint must be complete in itself without reference to the superseded pleading.  *See* Local Rule of the District of Hawaii 10.3.  Any defendant not named and any claims not realleged in any amended complaint will be deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  If the amended complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g).  *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

2. The Motion to Dismiss is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 15, 2010.



    /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Lichtenberg v. United States* CV10-00353 prose
attys\Ords\PWM\Lichtenberg 10-353 SOM rev3 (dsms compl, dny dsms mtn)