IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ANDREW L. LICHTENBERG, | ) | CIV. NO. 10-00353 SOM-BMK |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING IN PART |
| | ) | PLAINTIFF'S AMENDED COMPLAINT |
| vs. | ) | FOR DAMAGES |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**ORDER DISMISSING IN PART**
**PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES**

Before the court is pro se prisoner Andrew Lichtenberg's amended complaint for damages. Lichtenberg alleges that his cancer was caused by unhealthy prison conditions. He also alleges that the prison medical director is responsible for failing to provide him with medication and to properly diagnose his cancer, and that he was injured by another inmate while in the custody of the United States Marshall. For the following reasons, Lichtenberg's amended complaint is DISMISSED in part.

**I. BACKGROUND**

In the original Complaint, Lichtenberg asserted damages claims against the United States for negligence under the Federal Tort Claims Act (FTCA). It appeared that he was asserting a Bivens claim against the United States as well. Lichtenberg alleged that the prison conditions, including the lack of fresh air and sunshine, at the Federal Detention Center, Honolulu,

Hawaii (FDC-Honolulu), where he was incarcerated for 27 months, caused his cancer. (Doc. 1.) The court dismissed Lichtenberg's FTCA claim for failure to state a claim and dismissed his <u>Bivens</u> claim for failing to name a proper defendant, with leave to amend. (Doc. 30.)

In his first amended complaint (FAC), Lichtenberg asserts three claims. First, he alleges a <u>Bivens</u> claim against Defendant Leonardo Giron (Clinical Director at FDC-Honolulu), and against two individuals who served as FDC-Honolulu Warden at different times (Defendants John Rathman and Linda McGrew). Lichtenberg claims that Giron, Rathman, and McGrew were deliberately indifferent toward his medical condition in that they failed to provide him with proper medications, failed to diagnose his cancer, and kept him in unhealthy living conditions that led to his cancer.

Second, Lichtenberg alleges a negligence claim under the FTCA against the United States. He claims that Rathman and McGrew negligently supervised Giron in his treatment of Lichtenberg's medical condition. He also claims that Giron failed to timely examine the lumps on his body after he first complained of them and failed to provide him with proper medications. He finally claims that the United States kept him in an unhealthy living environment where he breathed in

hydrocarbon-laden air and received no sunshine on his body or fresh air during his incarceration at FDC-Honolulu.

Third, Lichtenberg asserts a <u>Bivens</u> claim against the United States Marshal for the District of Hawaii for placing him with a violent inmate. He claims that, while incarcerated at San Bernadino County jail, under the custody of the U.S. Marshal, he was assaulted by another inmate and suffered a broken rib.

## II. <u>LEGAL STANDARD</u>

Rule 15 provides that, after a responsive pleading has been filed, a party may amend its pleadings "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend is to be "freely given when justice so requires." <u>Forman v. Davis</u>, 371 U.S. 178, 812 (1962). However, in the context of a prisoner's suit in federal court, proposed amendments to the complaint must also be viewed in light of the restrictions imposed by 28 U.S.C. § 1915 as amended by the Prison Litigation Reform Act (PLRA) in 1996. In a "conflict between Federal Rule of Civil Procedure 15 and the PLRA, the rule would have to yield to the later-enacted statute to the extent of the conflict." <u>Harris v. Garner</u>, 216 F.3d 970, 982 (11th Cir. 2000). Rule 15 "does not and cannot overrule a substantive requirement or restriction contained in a statute (especially a subsequently enacted one)." <u>Id.</u> at 983; <u>see</u> <u>also</u> <u>Cox v. Mayer</u>,

332 F.3d 422, 428 (6th Cir. 2003) (citing Harris for this proposition with favor).

The court considers Lichtenberg's latest pleading to be a proposed amended pleading. When considering a prisoner's proposed amended complaint, the court must also consider the restrictions on prisoner suits imposed by the PLRA, including: full payment of the filing fee through partial payments as authorized by statute, *see* § 1915(b)(1-2); review and summary disposition of any claim or action that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks relief against persons immune from such relief, see § 1915(e)(2)(B)(ii-iii); administrative exhaustion of all claims, see 42 U.S.C. § 1997e(a); and a "three strike" provision which prevents a prisoner from proceeding *in forma pauperis* if the prisoner's litigation in federal court includes three or more cases dismissed as frivolous, malicious, or as stating no claim for relief.

### III. DISCUSSION

**A. Bivens Claim**

Lichtenberg alleges that Defendants Giron, Rathman, and McGrew violated his constitutional rights under the Eighth Amendment. "Only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 834 (1994). To prevail on an Eighth Amendment claim against

4

a prison official, an inmate must meet two requirements, "one objective and one subjective." Lopez v. Smith, 203 F.3d 1122, 1132 (9th Cir. 2000). "Under the objective requirement, the prison official's acts or omissions must deprive an inmate of the minimal civilized measure of life's necessities. The subjective requirement, relating to the defendant's state of mind, requires deliberate indifference." Id., at 1133 (quoting Allen v. Sakai, 48 F.3d 1082, 1087-88 (9th Cir. 1995)).

"Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment."[1] Lopez, 203 F.3d at 1131. This is true when the indifference is manifested by prison doctors in their response to a prisoner's needs. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). However,

> a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

---

[1] For purposes of the Eighth Amendment, serious medical needs include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." Lopez, 203 F.3d at 1131.

Id. at 105-06. "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." Lopez, 203 F.3d at 1131.

   1. **Defendant Giron**

Lichtenberg alleges that Giron deprived him of proper medications. He contends that he had asthmatic and skin conditions that required certain medications that he requested from Giron. He states that Giron refused his request and that Giron said he "would lose his job" if he provided Lichtenberg with the requested medications. (FAC ¶ 16.) Accepting Lichtenberg's allegations as true for the purposes of this order, the court concludes that Lichtenberg states a Bivens claim against Giron. This claim shall proceed.[2]

Lichtenberg also alleges that Giron failed to properly diagnose his cancer. He states that he discovered lumps on his jaw and then went to see the medical staff regarding his condition. (FAC ¶ 17.) He states that a "low level provider, Rueben Morales," told him "that he had a TMJ problem" and denied his request for a biopsy. (Id.) After discovering lumps on his neck, Lichtenberg alleges that he visited with medical staff but was again denied a biopsy. (FAC ¶ 18.) After discovering

---

[2] This claim may be barred by the applicable statute of limitations, as it appears to have accrued more than two years before Lichtenberg filed his complaint. The court does not address this issue at this time.

6

additional lumps, Lichtenberg states that he finally met with Giron. (FAC ¶ 19.) Giron told Lichtenberg that he would be sent out for a biopsy. (Id.) That biopsy did not occur because Lichtenberg was transferred to the federal correctional institute in Sheridan, Oregon (FCI-Sheridan), a week later. (FAC ¶ 20.)

Lichtenberg's allegations do not rise to the level of deliberate indifference. He makes no allegations that Giron or the medical staff deliberately misdiagnosed his cancer with the intent to inflict pain or suffering. Indeed, Lichtenberg acknowledges that he received treatment from the medical staff regarding his lumps. Although the initial assessment of Lichtenberg's medical condition by Morales and the medical staff may have been incorrect or even negligent, that does not constitute the denial of treatment under the Eighth Amendment. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (stating that even gross negligence is insufficient to establish a constitutional violation).

Moreover, Lichtenberg acknowledges that Giron was not present at his first two visits with Morales and the medical staff and does not allege that Giron ever refused to order a biopsy. (FAC ¶ 18.) In fact, Lichtenberg affirmatively states that Giron ordered the biopsy after examining his lumps for the first time. Lichtenberg's allegations do not support the claim that Giron acted with deliberate indifference towards

7

Lichtenberg's medical needs. Lichtenberg fails to state a Bivens claim against Giron for failing to diagnose his cancer.

**2. Defendants Rathman and McGrew**

Lichtenberg alleges that Rathman and McGrew are also liable for failing to properly supervise Giron in his medical treatment of Lichtenberg. "Supervisors can be held liable [under § 1983] for: (1) their own culpable action or inaction in the training, supervision, or control of subordinates; (2) their acquiescence in the constitutional deprivation of which a complaint is made; or (3) for conduct that showed a reckless or callous indifference to the rights of others." Cunningham v. Gates, 229 F.3d 1271, 1292 (9th Cir. 2000) (citing Larez v. City of L. A., 946 F.2d 630, 646 (9th Cir. 1991)); accord Menotti v. City of Seattle, 409 F.3d 1113, 1149 (9th Cir. 2005).

A supervisor cannot be held liable under § 1983 on the theory of respondeat superior. See Redman v. Warden of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991) (en banc); see also Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001) ("[S]upervisory officials are not liable for the actions of subordinates on any theory of vicarious liability under 42 U.S.C. § 1983."); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989) (holding that the doctrine of respondeat superior was not applicable in a prisoner's claim against the director of the state Department of Corrections).

8

An individual's "general responsibility for supervising the operations of a prison is insufficient to establish personal involvement." Ouzts v. Cummins, 825 F.2d 1276, 1277 (8th Cir. 1987). In other words, supervisors cannot "be held personally responsible [under § 1983] simply because [they were] in a high position of authority." Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). Thus, under § 1983, when the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979).

Lichtenberg asserts that Rathman and McGrew are liable for Giron's actions because Giron received "supervision and direction" from them as FDC-Honolulu Wardens. (FAC ¶ 16.) Lichtenberg provides no allegations suggesting that Rathman and McGrew personally knew of or participated in his medical treatment while he was at FDC-Honolulu, or that they had any other personal involvement in his claim. Rathman and McGrew's responsibilities as Wardens does not equate to personal liability for every incident within FDC-Honolulu. Lichtenberg fails to state a Bivens claim against Rathman and McGrew based on a failure to provide him with proper medication.

Lichtenberg also claims that Rathman and McGrew are responsible for keeping him in unhealthy prison conditions that

9

allegedly caused his cancer.  In particular, Lichtenberg alleges that Rathman and McGrew are responsible for the lack of sunshine and fresh air and the hydrocarbon-laced air at FDC-Honolulu. Again, Lichtenberg's allegations do not rise to the level of deliberate indifference.  He makes no allegations that Rathman or McGrew deliberately withheld fresh air and sunshine from him or exposed him to hydrocarbon-laced air with the intent of inflicting pain or suffering.  Nor does he allege that Rathman and McGrew purposely kept him in those conditions intending to harm him.

Rathman and McGrew had absolutely no control over the alleged conditions complained of by Lichtenberg or the fact that FDC-Honolulu was his place of incarceration.  The prison design of FDC-Honolulu, which allegedly does not allow for fresh air and sunshine in the recreation areas, and the decision to locate the prison next to an international airport, allegedly creating an environment of hydrocarbon-laced air, are not attributable to Rathman or McGrew.  Lichtenberg's allegations are insufficient to state an Eighth Amendment <u>Bivens</u> claim against Rathman and McGrew for having allegedly kept him in unhealthy prison conditions that caused his cancer.

**B.    FTCA Claim**

The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, provides the exclusive remedy for tortious conduct by

a United States agency or employee in the scope of his or her employment.  See FDIC v. Craft, 157 F.3d 697, 706 (9th Cir. 1998); Kennedy v. United States Postal Service, 145 F.3d 1077, 1078 (9th Cir.1998).  The United States, however, is the only proper defendant, and an agency or employee thereof is not amenable to suit under the FTCA.  See Craft, 157 F.3d at 706; see also United States v. Smith, 499 U.S. 160, 163 (1991) (stating that the FTCA "establishes [ ] absolute immunity for government employees . . . by making an FTCA action against the Government the exclusive remedy for torts committed by Government employees in the scope of their employment").

Lichtenberg names the United States, Giron, Rathman, and McGrew in his FTCA claim.  First, he alleges that Giron was negligent in failing to provide him with proper medication and failing to diagnose his cancer.  Second, he alleges that Rathman and McGrew were negligent in failing to properly supervise Giron.  Finally, he alleges that the United States was negligent in keeping him in unhealthy conditions that led to his cancer.  Lichtenberg now states that his "oncologist told him that a lack of sunshine upon his body for over two years could very well have been a factor in causing his cancer."  (FAC ¶ 22.)

Lichtenberg states an FTCA claim against the United States and it shall proceed.  Insofar as Lichtenberg also names

Giron, Rathman, and McGrew, any FTCA claim against them is DISMISSED with prejudice.

**C.     Claim Against the U.S. Marshal**

Lichtenberg asserts a <u>Bivens</u> claim against the U.S. Marshal for the District of Hawaii.  He alleges that the Marshal improperly housed him with a known violent inmate during his transfer to FCI-Sheridan and that the inmate physically assaulted him.

Under Rule 18(a), governing joinder of claims, a plaintiff may bring multiple claims, related or not, in a lawsuit against a single defendant.  To name different defendants in the same lawsuit, however, a plaintiff must satisfy Rule 20, governing joinder of parties.  Under Rule 20(a)(2), permissive joinder of multiple defendants in a single lawsuit is allowed only if: (1) a right to relief is asserted against each defendant that relates to or arises out of the same transaction or occurrence or series of transactions or occurrences; and (2) any question of law or fact common to all defendants arises in the action.  Unrelated claims involving different defendants belong in different suits.  <u>See</u> <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007); <u>Zhu v. Countrywide Realty Co., Inc.</u>, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001).

Although <u>pro</u> <u>se</u> litigants are held to less stringent standards than represented parties, <u>Jackson v. Carey</u>, 353 F.3d

12

750, 757 (9th Cir. 2003), they must comply with the procedural or substantive rules of the court.³  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Requiring pro se prisoners to adhere to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]," avoids confusion, ensures that prisoners pay the required filing fees, and prevents prisoners from circumventing the PLRA's three strikes rule.  George, 507 F.3d at 607; see also Patton v. Jefferson Corr'l Ctr., 136 F.3d 458, 464 (5th Cir. 1998) (discouraging "creative joinder of actions" by prisoners attempting to circumvent the PLRA's three-strikes provision).

Lichtenberg's Bivens claims against Giron, Rathman, and McGrew are completely separate from his claim against the Marshal.  Those Bivens claims clearly concern separate violations allegedly done by different individuals that did not arise from the same transaction or occurrence or series of transactions or occurrences.  Thus, Lichtenberg's claim against the Marshal cannot be joined in this action.  To the extent Lichtenberg desires to pursue a claim against the Marshal, he must do so by way of a separate complaint.

---

³ Although Lichtenberg is a pro se prisoner litigant in this action, he is a former licensed attorney in Hawaii.

## IV. CONCLUSION

The Complaint is DISMISSED in part. Specifically:

1. The Bivens claim against Giron for allegedly failing to provide proper medication shall proceed.

2. The Bivens claims against Giron for allegedly failing to diagnose Lichtenberg's cancer is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Because amendment is futile, that claim is DISMISSED with prejudice.

3. The Bivens claims against Rathman and McGrew for allegedly failing to supervise Giron and for keeping Lichtenberg in unhealthy prison conditions that allegedly caused his cancer, are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Because amendment is futile, those claims are DISMISSED with prejudice.

4. The FTCA claim against the United States shall proceed. Insofar as the FTCA claim is alleged against Giron, Rathman, and McGrew, individually, it is DISMISSED with prejudice.

5. The Bivens claim against the United States Marshal is DISMISSED without prejudice to refiling in a separate complaint and action.

6. The Amended Complaint shall be deemed served upon Defendant United States upon the date of the filing of this order.

7. The Clerk is directed to serve a copy of this order on Plaintiff and on the United States Marshals Service, at 300 Ala Moana Blvd., Room C-109, Honolulu, HI 96850-0229.

8. The Clerk is directed to send Plaintiff one [1] summons, one [1] USM-285 form, one [1] Notice of Lawsuit and Request for Waiver of Service for Summons forms (AO 398), one [1] Waiver of Service of Summons forms (AO 399), **with their instruction sheets**, and a copy of the endorsed Amended Complaint. Plaintiff may then complete the forms as directed below and submit the documents to the United States Marshals Service.

9. Upon receipt of the above-mentioned documents from Plaintiff, the United States Marshal shall serve a copy of the endorsed Amended Complaint, completed Notice of Lawsuit and Request for Waiver of Service form (AO 398) and completed Waiver of Service of Summons form (AO 399), upon **Defendant Leonardo Giron**, as directed by Plaintiff pursuant to Rule 4 of the Federal Rules of Civil Procedure without payment of costs.

10. The United States Marshal is directed to retain the sealed summons and a copy of the complaint for future use. The United States Marshal shall file returned Waiver of Service of Summons forms as well as any requests for waivers that are returned as undeliverable, **as soon as such documents are received**.

11. If a Waiver of Service of Summons form is not returned by Defendant(s) within **sixty** days from the date of the mailing of the request for waiver:

a. The United States Marshal shall personally serve that Defendant with the above-described documents pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

b. Within ten days after personal service is effected, the United States Marshal shall file the return of service for Defendant(s), along with evidence of any attempts to secure a waiver of service of summons and of the costs subsequently incurred in effecting service on said Defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and Complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served Defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

12. Defendant(s) shall file an answer or other responsive pleading to Plaintiff's Amended Complaint within **sixty** [60] days after the date on which the request for waiver of service was **sent** (if formal service is waived), or **twenty** [20] days if service is not waived. Failure to do so may ultimately result in the entry of default judgment.

13.  Plaintiff shall serve a copy of all further pleadings or documents submitted to the court upon the Defendant(s) or their attorney(s).  Plaintiff shall include, with any original paper to be filed with the Clerk of Court, a certificate stating the date that an exact copy of the document was mailed to Defendant(s) or their counsel.  Any paper received by a District or Magistrate Judge that has not been filed with the Clerk of Court or that does not include a certificate of service will be disregarded.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 27, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Lichtenberg v. United States* CV10-00353 SOM BMK prose attys\Screening\PWM\Lichtenberg 10-353 SOM (partial sms, ftsc and r18, 20)